IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David A. SUEMNICK, Attorney at Law.

Supreme Court

*No. 82–1355–D. Filed April 14, 1983.*
(Also reported in 332 N.W.2d 87.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended for medical incapacity.*

On July 20, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint against David A. Suemnick, an attorney who was licensed to practice law in Wisconsin in 1964, who practices in Green Bay and whose license was suspended by the court for a period of six months, commencing August 1, 1982, alleging that he neglected a legal matter entrusted to him, failed to carry out his contract of employment and misrepresented facts to his client and perpetrated a fraud upon her, in violation of SCR 20.32(3), 20.35(1)(b), and 20.04(4). A second cause of action alleged that the respondent did not answer two letters from the Board requesting his response to the grievance filed against him, in violation of SCR 22.07(2).

We referred the matter to the Hon. James A. Martineau, reserve judge, as referee, pursuant to SCR 21.09 (4). On September 9, 1982, the Board filed an amended complaint alleging an additional cause of action again

involving neglect of a legal matter, failure to carry out a contract of employment and misrepresentation of fact and perpetration of fraud upon a client. The respondent filed an answer to the amended complaint on October 1, 1982, in which he alleged that he is suffering from a medical incapacity and requesting that the disciplinary proceeding be held in abeyance pending an investigation of that incapacity under SCR 21.09 and, further, that the disciplinary proceeding be dismissed as moot in the event his license is suspended for medical incapacity.

Following an investigation by the Board into the alleged medical incapacity, a stipulation was entered into by the respondent and Board counsel in which it was stipulated that the respondent suffers a medical incapacity and that his license should be suspended for an indefinite period. By the terms of that stipulation, which was signed by the respondent on December 7, 1982, and by the Board on January 4, 1983, the respondent agreed not to petition for reinstatement of his license until after May 1, 1983, and that, prior to reinstatement, he be required to prove his moral character and fitness, as well as his medical capacity to practice law. He agreed to the imposition of certain conditions on the retention of his license to practice law if it is reinstated.

The referee filed his report with the court on February 7, 1983, in which he recommends that the Board's motion, which was filed with the court on February 3, 1983, to dismiss the disciplinary proceeding without prejudice be granted and that the respondent's license to practice law be suspended for reasons of medical incapacity, that he not apply for reinstatement prior to May 1, 1983 and that any reinstatement be conditioned as stipulated. The referee also recommends that the respondent be required to pay the costs of the disciplinary proceeding.

We hereby accept the recommendation of the referee.

It is ordered that the license of David A. Suemnick to practice law in Wisconsin is suspended on the ground of his medical incapacity, effective the date of this order and until further order of the court.

It is further ordered that David A. Suemnick pay to the Board of Attorneys Professional Responsibility within 60 days of the date hereof the costs of this disciplinary proceeding in the amount of $948.66, provided that if the costs are not paid within the time specified, the license of David A. Suemnick to practice law in Wisconsin shall be revoked forthwith.